UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JACK SPADE, ) | C/A No. 4:08-2736-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| ) | |
| ANGELIA WHITE; DR. MARK DORN; and ANDERSON ) | |
| CITY JAIL, ) | |
| ) | |
| Defendants. ) | |

### I. PROCEDURAL BACKGROUND

The Plaintiff, Jack Spade ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on August 6, 2008. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion to dismiss for lack of prosecution on February 9, 2009. Because Plaintiff is proceeding pro se, the court issued an Order on or about February 11, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion could result in the dismissal of his complaint.

In the motion to dismiss for lack of prosecution, the Defendants assert that the case should be dismissed for failure to prosecute. Defendants assert that the Plaintiff has failed to update his address with the court or the Defendants after being specifically instructed by the court of his obligations with

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

regards to this matter and specifically warned of the potential consequences for failing to abide by the Orders of the Court. Defendants argue that "Counsel for the Defendants has attempted to contact Plaintiff at the address provided to this Court in the Complaint with no response. Specifically, Plaintiff has been served at his listed address with prior pleadings. *See* Exhibit A. This document was been returned by the U.S. Postal Service as undeliverable as the addressee is no longer at the address. Therefore, Plaintiff has failed to prosecute this action and pursuant to <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978). . ." (Doc. #21) Therefore, Defendants request that the case be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Court issued an Order on August 14, 2008, in which Plaintiff was ordered to always keep the Clerk of Court advised in writing of his current address and advising that his case may be dismissed for violating the Order. (Doc. #5). An Order granting defendants' motion for extension was issued on February 2, 2009, and mailed to plaintiff. The Order was returned to the Clerk of Court's office *via* United States Postal Service on February 12, 2009, marked "Return to Sender" and "No Longer At This Address." (Doc. #24).

On March 25, 2009, the court issued an Order to Answer giving Plaintiff ten (10) days from the date of the order to respond to the Defendants' motion to dismiss for lack of prosecution or his case may be dismiss pursuant to the Federal Rules of Civil Procedure 41(b), and that the dismissal would be considered an adjudication of the merits, i.e., with prejudice. On April 2, 2009, Plaintiff filed a notice of change of address with the court. (See doc. #27). Therefore, the Order to Answer was re-mailed to the new address provided by Plaintiff.

On April 13, 2009, Plaintiff filed a motion for extension of time to respond to the motion to dismiss. By Order dated April 14, 2009, the motion for an extension was granted and Plaintiff was given

2

an additional twenty (20) days from the date of the Order to file a response or his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. Plaintiff has failed to file a response.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss for lack of prosecution, or the Court's Orders requiring him to respond. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that Defendants' motion to dismiss for failure to prosecute be granted and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Defendants' motion to dismiss for failure to prosecute be GRANTED (doc. #21) and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

                                      Respectfully submitted,

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

May 20, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**